UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN WAYNE BONILLA,

          Plaintiff,

     v.

DEL NORTE SUPERIOR COURT et. al.,

          Defendants.

Case Nos.  23-cv-6555-PJH
24-cv-0018-PJH
24-cv-0020-PJH
24-cv-0021-PJH
24-cv-0022-PJH
24-cv-0029-PJH
24-cv-0031-PJH
24-cv-0367-PJH
24-cv-0369-PJH
24-cv-0381-PJH
24-cv-0382-PJH
24-cv-0383-PJH
24-cv-0422-PJH
24-cv-0423-PJH
24-cv-0446-PJH
24-cv-0453-PJH
24-cv-0454-PJH
24-cv-0455-PJH
24-cv-0456-PJH
24-cv-0458-PJH
24-cv-0459-PJH
24-cv-0460-PJH
24-cv-0461-PJH

**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE**

Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42 U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471 YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In*

United States District Court
Northern District of California

1  *re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

2      Plaintiff presents nearly identical claims in these actions.  He names as

3  defendants various federal and state judges and state courts.  He seeks relief regarding

4  his underlying conviction or how his other cases were handled by the state and federal

5  courts.

6      To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

7  he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

8  "under imminent danger of serious physical injury" at the time he filed his complaint.  28

9  U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case

10  No. 13-0951 CW.

11      The allegations in these complaints do not show that plaintiff was in imminent

12  danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an

13  IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512

14  U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.*

15  *District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,

16  828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with

17  prejudice.  The court notes that plaintiff has an extensive history of filing similar frivolous

18  cases.[1]

19      Furthermore, these are not cases in which the undersigned judge's impartiality

20  might be reasonably questioned due to the repetitive and frivolous nature of the filings.

21  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate

22  reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases

23  assigned to that judge).[2]

24

25

26  [1] The undersigned is the fourth judge assigned cases filed by plaintiff.  This is the 59th order issued by the undersigned since April 30, 2020, pertaining to 785 different cases. Plaintiff filed 962 other cases with the three other judges since 2011.

27  [2] Plaintiff names the undersigned as defendant in one of these cases, though presents no specific allegations.  Case No. 24-cv-0031-PJH.  Plaintiff does not seek recusal, nor is

28  recusal warranted in light of the frivolous nature of the case.

1    The clerk shall terminate all pending motions and close these cases.  The clerk

2  shall return, without filing, any further documents plaintiff submits in these closed cases.

3    **IT IS SO ORDERED.**

4  Dated: January 29, 2024

5

6                                                  */s/ Phyllis J. Hamilton*
                                                  PHYLLIS J. HAMILTON
7                                                  United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California